SAMUEL, Judge.
This is an appeal by the plaintiff from a judgment dismissing his suit against his former employer, a structural steel contractor, for total and permanent disability benefits under the Louisiana Workmen’s Compensation Act.
Plaintiff had been employed by the defendant as a journeyman rodman, work which the record reflects involves heavy manual labor. On July 18, 1966, when plaintiff was 25 years of age and while he was engaged in the course and scope of his employment, he had an accident, falling to the ground from steel which was being lifted by machine. As a result of the accident he sustained a right inguinal hernia. A her-nioplasty was performed by plaintiff’s family physician, Dr. George Azar on August 2, 1966. Following the surgery plaintiff remained in the hospital for five days, was examined thereafter on several occasions by Dr. Azar, and was advised by the doctor that he could return to work on October 3, 1966.
Plaintiff returned to his employment with the defendant on October 3, 1966 and continued to work until December 24, 1966 at which time he was discharged because of a work shortage and consequent reduction in force. He was paid full compensation benefits in the total amount of $455 from the date of the accident to October 18, 1966 and he also was paid medical expenses he had incurred in the amount of $540.67.
On January 27, 1967 plaintiff filed this suit alleging he was permanently disabled. Defendant filed a general denial and a re-conventional demand for $75 averring plaintiff erroneously had been paid that amount in compensation from October 3 to October 18, 1966 when in fact he was working and had received a full salary during that period. However, as the defendant has not filed an answer to the appeal and in this court seeks only an affirmation of the trial court judgment, the reconventional demand is not before us.
Plaintiff has informed us that after this appeal was taken he found it possible to return to his occupation of journeyman rod-man ; specifically, he returned to that occupation on August 14,1967 and has continued therein to the present time without significant difficulty. He therefore now prays only for total disability benefits from December 24, 1966, the date he was discharged by the defendant, to August 14, 1967, when he admittedly was able to return to work.
The primary question before us is whether plaintiff had recovered from his injury and his hernioplasty on December 24, 1966 to the extent that he was then able to perform, without substantial pain, the type of work he had been doing prior to the accident.
Eight witnesses testified at the trial, six for the plaintiff and two for the defendant. Plaintiff’s witnesses, in addition to himself, were: his wife; Mr. Hubert James, an iron worker; Mr. Chester Balf antz, employed by the defendant as a foreman at the time of plaintiff’s accident; Mr. Carl Balf antz, an iron worker who was also a defendant employee at the time of the accident; and Dr. Hewitt Thian, a general surgeon who had examined plaintiff at the request of the lat *167 ter’s attorney. Defendant offered the testimony of Dr. George Azar, the general surgeon who performed the hernioplasty, and Dr. Lawrence Strug, a general and thoracic surgeon who also examined plaintiff at the request of the latter’s attorney.
In pertinent part plaintiff testified: Since the operation he “has not felt good at all”; he has suffered pain in the operative area even when he is sitting or lying down and has been unable to do any lifting, even to the extent of picking up his own children. Upon his return to the defendant’s employ on October 2, 1966, and continuously to the time of his discharge on December 24, 1966, he was required to do only very light work consisting principally of watching concrete pours. After his discharge he was unable to find construction work which did not involve lifting and since that time he has worked at other less strenuous, and less remunerative, jobs. He had to leave one position at a supermarket because it involved unloading and carrying groceries which he was unable to do because he was unable to pick up anything heavy. At the time of trial he was working at another supermarket as an assistant butcher at a much smaller salary than that which he has received from the defendant.
Plaintiff’s wife testified her husband has been limping and complaining since the accident. Before the accident he helped her with the children and with various household tasks and now he does not. The only material portion of the testimony given by Mr. James is a description of the heavy duties involved in the work of a journeyman rodman. Both Mr. Chester Balfantz and Mr. Carl Balfantz testified that upon returning to work after the operation plaintiff was not required or permitted to pick up anything heavy; the work he performed during that time was very light, consisting to a large extent of watching concrete pours; and plaintiff limped somewhat on his return although he had not done so before.
Dr. Hewitt Thian testified he examined plaintiff on March 30, 1967. The examination consisted of talking to the patient and evaluating the operative area which was the area of his complaint. This doctor found a well-healed inguinal scar with tenderness over the external ring at the exit of the spermatic cord and testicular vessels and with no swelling of the right testicle. There was no evidence of recurrence of hernia. He was of the opinion plaintiff’s postoperative symptoms were those which recur in a small percentage of hernia patients and that no further surgery was indicated because in all probability the symptoms would not be alleviated thereby. This constitutes all of Dr. Thian’s testimony. He expressed no opinion regarding plaintiff’s ability, at any time subsequent to the operation, to perform the type of work he had been doing prior to the accident. Plaintiff’s counsel asked no questions on that point and there was no cross examination.
Dr. George Azar testified he performed the right hernioplasty on August 2, 1966. Plaintiff had an uneventful recovery. He was discharged from the hospital on August 7, 1966 after the sutures had been removed. He was seen in the doctor’s office on August 15, August 29 and September 12, 1966 on which occasions examination revealed the incision was well healed, there was no weakness and no recurrence at the site of surgery. Following the September 12, 1966 examination he was declared well and told he could return to work on October 3, 1966. On November 15, 1966 he returned to the office complaining of occasional pain, vague in character, with sensory changes in the area. A check revealed that the hernia repair was adequate, there was no weakness, no herniation at the site, and no hernia on the left. Plaintiff again returned to the office on June 30, 1967, the week before the trial, telling the doctor he wanted to be checked (in fact he had been sent to the doctor by his attorney). The findings at this last examination were identical: well-healed, no herniation, no weakness at the site of the surgery and no sensory changes. *168 Dr. Azar, who was familiar with the work involved in plaintiff’s occupation of journeyman rodman, was of the firm opinion that plaintiff had made a complete recovery with no disability and that, prior and subsequent to December 23, 1966, he was able to perform the same type of work he had been doing before the accident without difficulty or danger of hernia recurrence.
Dr. Lawernce H. Strug examined plaintiff on March 13, 1967. Plaintiff’s complaints were of pain at the lower end of the incision, radiating to the thigh. He told Dr. Strug every time he moved he suffered pain and extra effort caused more pain. The doctor’s examination was limited to the inguinal area and the thigh. He found the scar well-healed and slightly tender at the lower portion just above the inguinal ligament and parallel to it. His findings were negative relative to nerve involvement. There was no recurrence of hernia and there were no objective findings which could correlate with plaintiff’s complaints. The doctor testified tenderness over the external inguinal ring is not unusual in a her-nioplasty or in any incision for any operational procedure even after five months following the operation. Dr. Strug was aware of the fact that plaintiff had been doing heavy manual labor at the time of the accident and, on the basis of the examination, he was of the opinion plaintiff could return to such work without harm and without pain or difficulty.
Our settled jurisprudence is that the plaintiff in a compensation case must establish his claim to a legal certainty and by a reasonable preponderance of the evidence. Russell v. Employers Mut. Liability Ins. Co. of Wis., 246 La. 1012, 169 So.2d 82; Price v. Walgreen’s Company, La.App., 204 So.2d 67; Williams v. New Orleans Paper Box Company, La.App., 185 So.2d 109; Page v. Home Indemnity Co., La.App., 168 So.2d 409; Lewis v. Walton & Livaudais, La. App., 154 So.2d 75.
In the instant case the only evidence ■ supporting plaintiff’s claim is his own testimony. All of the medical evidence in point is against him. The three physicians who testified were all of his own selection. Yet the only one of those physicians called by plaintiff, Dr. Thian, expressed no opinion as to whether plaintiff was able to perform, after his injury and operation, the same work he had been doing prior to the accident; and Dr. Thian mentioned nothing which would indicate plaintiff was unable to so perform. The other two physicians, Drs. Azar and Strug, were of the opinion plaintiff could perform his usual work without difficulty. Quite clearly, plaintiff has failed to carry his burden of proof.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.